37 A.3d 1018

**Edward C. McREADY**

v.

**UNIVERSITY SYSTEM OF MARYLAND, et al.**

**Nos. 1668, 1669, 1670, Sept. Term, 2010.**

Court of Special Appeals of Maryland.

Feb. 9, 2012.

Edward C. McReady, Chevy Chase, MD, for appellant.

Thomas Faulk (Douglas F. Gansler, Atty. Gen., on the brief), Baltimore, MD, for appellee.

Panel: EYLER, DEBORAH S., KEHOE and IRMA S. RAKER (Retired, Specially Assigned), JJ.

EYLER, DEBORAH S., J.

In three cases, Edward C. McReady, the appellant, has challenged dismissals by the Circuit Court for Montgomery County of his actions for judicial review against the University of Maryland ("the University"), the appellee. His cases originated as complaints under the Maryland Whistleblower Law ("MWL"), Md.Code (1993, 2009 Repl.Vol.), sections 5–301 *et seq.* of the State Personnel and Pensions Article ("SPP"), which were referred to the Office of Administrative Hearings (OAH) for decision by an Administrative Law Judge ("ALJ").

The cases have been consolidated in this Court. McReady poses six questions for review, which constitute arguments on

the single question whether the circuit court erred in dismissing the actions for judicial review.[1] For the following reasons, we hold that the court erred in dismissing the actions. Accordingly, we shall reverse the judgments of the circuit court.

## FACTS AND PROCEEDINGS

The issues in this case are procedural in nature and therefore it is not necessary to delve into the specifics of McReady's complaints. The following skeletal summary will do. McReady was employed as an accounting professor at the School of Undergraduate Studies of the University of Maryland University College, which is part of the University. On June 21, 2007, he received notice that his contract, which was set to expire on June 30, 2008, would not be renewed. Thereafter, on August 24, 2007, he was terminated from his position.

McReady filed grievances with the University, arguing in part that the non-renewal of his contract and his ultimate termination were in retaliation for his exercise of his constitutional right to free speech. The grievances were decided against him. On March 17, 2008, and June 5, 2008, McReady filed complaints under the MWL with the Department of

---

1. The questions as posed by McReady are:
 I. Did OAH err in interpreting Md. Rule 7–206(a) to include in the agency record transcripts of hearings during which no testimony was taken or given and violate Md. Rule 7–206(c) in refusing to certify as complete the OAH agency record without those transcripts?
 II. Did the Circuit Court violate the Maryland Rules of Judicial Review of Administrative Agency Decisions in scheduling a "timetable" for the submission of memoranda and a merits hearing?
 III. Did the Circuit Court err in dismissing Appellant's Petitions for the failure to provide transcripts of OAH hearings during which there was no testimony given or taken?
 IV. Did the Circuit Court err in dismissing Appellant's Petitions for his failure to file a Md. Rule 7–207 memorandum?
 V. Did the Circuit Court err in dismissing Appellant's Petitions for his failure to appear at a scheduled Md. Rule 7–208 merits hearing?
 VI. Did [the assigned judge] violate Maryland Rules Governing the Performance of Judicial Duties?

Management and Budget ("DBM"). The DBM ruled that the complaints were not timely filed. McReady appealed those decisions to the OAH.

The University filed a motion to dismiss on the issue of timeliness of the March 17, 2008 complaint. An ALJ with the OAH held a hearing on the motion, which consisted solely of argument of counsel.[2] On August 12, 2008, the ALJ issued an order ruling that the March 17, 2008 MWL complaint was untimely.[3] In the Circuit Court for Montgomery County, McReady filed an action for judicial review, challenging that order. On September 18, 2008, after another non-evidentiary hearing on a motion to dismiss filed by the University, the ALJ issued a second order ruling that McReady's June 5, 2008 MWL complaint likewise was untimely. McReady filed a second action for judicial review from that order, in the same circuit court. In the two actions for judicial review, the clerk's office, within a month of filing, mailed notice of the actions to the OAH. Pursuant to Rule 7–206(c), the 60–day period for the OAH to file the records in those appeals started to run on the dates of the letters (October 10 and October 20, 2008). Initially, separate judges were assigned to the cases. They each sent letters to the parties explaining that the proceedings would be governed by Title 7 of the Maryland Rules of Procedure. Ultimately, both cases were assigned to one judge, who sent the parties a "timetable to use as a guide in accordance with Rule 7–200 *et seq.*" and scheduled a hearing date of February 27, 2009, in both cases.

On November 5, 2008, with respect to McReady's first action for judicial review, Linda Bailey, the docket clerk for the OAH, wrote to McReady detailing what was to be the "Record" in the actions for judicial review, under Rule 7–206. Her letter quoted a prior version of the rule, which is not in any significant way different from the existing rule. The quotation in the letter included part (a) of the Rule, stating:

2. McReady represented himself, as he does on appeal. He is a lawyer.

3. The ALJ denied a motion for reconsideration on September 10, 2008.

**Contents; expense of transcript**—The record shall include the transcript of testimony and all exhibits and other papers filed in the agency proceeding, except those papers the parties agree or the court directs may be omitted by written stipulation or order included in the record. If the testimony has been recorded but not transcribed before the filing of the petition for judicial review, the first petitioner, if required by the agency and unless otherwise ordered by the court or provided by law, shall pay the expense of transcription, which shall be taxed as costs and apportioned as the court directs.[4]

Bailey's letter went on to quote the remaining four subsections of the rule, which, respectively, provide that the parties may agree to proceed by means of a statement in lieu of the record; that, except as otherwise provided, the agency is required to submit to the court clerk the original or a certified copy of the record within 60 days of its receipt of the petition in the action for judicial review; that that time period could be shortened or extended by the court, upon motion, and that "[t]he action shall be dismissed if the record has not been transmitted within the time prescribed unless the court finds that the inability to transmit the record was caused by the act or omission of the agency, a stenographer, or a person other than the moving party," *see* subsection (d); and that upon the filing of the record the clerk of court is required to notify the parties that the record has been filed.

Bailey's letter to McReady stated, with respect to the transcript:

It is the responsibility of the party who first filed the petition for review to order a transcription of the tape-recorded record of the hearing, and to pay the expense of transcribing the hearing, if the parties have not agreed upon

---

4. The present version of that subsection states that the costs may be apportioned "as provided in Rule 2–603" and adds that "[a] petitioner who pays the cost of transcription shall file with the agency a certification of costs, and the agency shall include the certification in the record."

a statement in lieu of the record. See COMAR 17.02.03.07. The cost of transcribing the tape-recorded hearing is $3.35 per page.

The letter further stated that to insure that the tape-recorded record was timely transcribed and transmitted to the court, McReady needed to immediately remit $971.50 to George Quade, Project Coordinator for For the Record, Inc. (with address included), and to ask Quade to forward the original and two copies of the transcript to her attention. The letter concluded by stating:

> **YOU ARE RESPONSIBLE FOR COMPLIANCE WITH ALL APPLICABLE REQUIREMENTS OF THE MARYLAND RULES. IF THE RECORD IS NOT COMPLETES [*sic*] BY PROMPTLY SUBMITTING EITHER A TRANSCRIPT OR A STATEMENT IN LIUE [*sic*] OF THE RECORD, YOUR APPEAL WILL NOT PROCEED.**

On the same date, Bailey sent McReady an identical letter regarding his second action for judicial review. The only difference between the letters was that the amount owed for the transcription of the record in the second action for judicial review was $1,494.10.

On November 7, 2008, McReady wrote to the ALJ who had presided over the hearings in the two cases seeking clarification of his obligation to pay for the cost of transcripts and asking that the November 5, 2008 letters by Bailey be rescinded. He argued that, because the OAH decisions had been made on motion, and the hearings that had been held consisted of argument, not testimony, the hearings did not need to be transcribed.

On November 10, 2008, Thomas E. Dewberry, Chief ALJ at the OAH, responded to McReady, disagreeing with his argument, and explaining, in part:

> When an appeal is filed, the entire record of that proceeding must be transmitted to the circuit court, and the record includes such things as the evidence, argument, etc. presented at a motion(s) hearings, among other records. The

records of the motion(s) hearings in these particular cases are extremely pertinent because it is my understanding that the rulings on the motions form the basis of your appeal. Therefore, the Maryland Rules require a transcription of the testimony in the hearing for review by the court. Although the Maryland Rules do not specifically define the term testimony, I do not believe that it is as restrictive a definition as you have offered, and believe it would include the arguments on the motion(s).

Dewberry's letter emphasized that it remained McReady's obligation to order and pay for the transcripts of the hearings and that if he did not do so, his actions for judicial review would be dismissed. According to McReady, on November 14, 2008, he wrote to Dewberry requesting reconsideration, which was denied by letter of November 17, 2008.[5]

On October 22, 2008, in the second OAH case, the ALJ revised his original order and dismissed some but not all of McReady's MWL claims. On November 17, 2008, McReady filed a third action for judicial review in the circuit court, challenging that decision.

McReady refused to pay for any OAH hearing transcripts associated with his actions for judicial review on the ground that, because there was no "testimony" taken in the proceedings before the ALJ, in that the cases were decided on motion, with only argument being advanced, the transcripts were not part of the OAH record that was required to be transmitted to the circuit court pursuant to Rule 7–206. On December 1, 2008, he filed a motion for "compliance," seeking to have the OAH comply with Rule 7–206 by filing the records in the cases without the hearing transcripts. There was no opposition to the motion, and, as the court did not rule on it before the 60–day deadlines by which the records in the first two cases were to be filed, the motion was implicitly denied. Those 60–day periods expired on December 15 and 22, 2008, respectively. The records were not transmitted.

---

5. These letters are not in the record.

The 60–day deadline in the third case was to expire on January 19, 2009. On January 15, 2009, the OAH filed a "Certificate of Record" for each case stating that it was filing a "partial record," which included the written decisions by the ALJ and the exhibits that had been presented to the ALJ, and that it would forward the hearing transcripts when they were received. (Of course, the transcripts would not be received by the OAH until they had been prepared, and they would not be prepared until they were paid for; and McReady still would not pay for the transcripts.)

McReady filed unsuccessful motions to revise the scheduling order, which applied to all three cases. He did not file any Rule 7–207 memoranda. The Rule 7–208 hearing on the three cases remained scheduled for February 27, 2009. McReady was sent notices from the clerk's office and a letter from the judge assigned to the cases reminding him of that hearing date. There is no indication in the record that the notices or letter were not received.

On February 27, 2009, counsel for the University appeared before the court for the Rule 7–208 hearing. The judge and University counsel waited for almost an hour for McReady to appear, but he did not do so. Counsel for the University orally moved to dismiss the actions for judicial review on the primary ground that the OAH transcripts never had been prepared and therefore were not included in the record as required, he argued, by Rule 7–206(a). Counsel also included as reasons for dismissal that McReady had not submitted a memorandum in accordance with Rule 7–207 and had failed to appear at the hearing. The court granted the motion to dismiss with prejudice in all three actions for judicial review, on all grounds raised by University counsel.

The orders granting the motions to dismiss the actions for judicial review were not docketed until March 19, 2009. That same day, McReady filed a motion to vacate. On April 17, 2009, he filed a notice of appeal. In an unreported opinion, this Court dismissed the appeal as not having been taken from a final judgment, as the motion to vacate, having been filed

within 10 days of the entry of the dismissal orders, had undone their finality. *McReady v. Univ. Sys. of MD.*, No. 231, September Term 2009 (Md. Ct. Spec.App. filed May 14, 2010). On August 26, 2010, after remand from this Court, the circuit court denied the motion to vacate. This appeal then timely followed.

## DISCUSSION

Before examining McReady's contention that the circuit court erred in dismissing his actions for judicial review, we shall discuss generally the statutory and regulatory scheme and the court rules governing the proceedings.

An MWL complaint is brought under and governed by SPP title 5, subtitle 3 (sections 5–301 through 5–313). SPP section 5–303 provides that the Secretary of DBM shall adopt regulations for processing and resolving such complaints. Under SPP section 5–309, a complaint is filed with the Secretary, and the Secretary or his or her designee investigates and issues a written decision, which shall include any remedial action to be taken. Pursuant to SPP section 5–310(a), a complainant who is aggrieved by the Secretary's decision may appeal it to the OAH. SPP section 5–310(b) provides that the OAH shall conduct a hearing in accordance with Md.Code (1984, 2009 Repl.Vol.), title 10, subtitle 2 of the State Government Article ("SG"), which is the Maryland Administrative Procedure Act ("APA"), and the OAH "is bound by any regulation, declaratory ruling, prior adjudication ... to the same extent as the [DBM] is or would have been bound if it were hearing the case." The OAH must issue a written decision, and that decision is the final agency decision in the matter. SPP § 5–310(c). Judicial review of the OAH's decision may be had in accordance with SG section 10–222. SPP § 5–310(e).

The DBM regulations that apply to MWL complaints appear at COMAR 17.04.08.05 through .07. Regulation .06 concerns the Secretary's·investigation of the complaint and issuance of findings. Regulation .07 concerns the appeal that can be taken from the decision of the Secretary to the OAH.

Subsection (D) of that regulation states that any hearing that is conducted before the OAH in such an appeal shall be held in accordance with the APA and SPP section 5–310.

The OAH regulations that are promulgated pursuant to the APA appear at COMAR 28.02.01 *et seq.* Regulation .01.12 governs "Motions." Subsection B(4) states that "[u]pon notice to all parties, the [ALJ] may schedule a conference to consider a written motion." Subsection B(5) further states that the ALJ "may issue a written decision on a motion or state the decision on the record." Subsection D, which concerns motions for summary decision, says nothing about hearings. Finally, Regulation .01.22B states that the OAH "record" shall include "(9) The recording of the hearing, and any prehearing proceeding, and any transcript of the recording prepared by a court reporting service...."

The provisions that govern actions for judicial review of final agency decisions appear in Title 7, Chapter 200 of the Maryland Rules of Procedure. We already have reviewed Rule 7–206, which is entitled "Record." As pertinent here, it requires at section (a) that "[t]**he record shall include the transcript of testimony** and all exhibits and other papers filed in the agency proceeding" except those that are to be omitted by agreement or court order. (Emphasis added.) It further directs that, "[i]f the **testimony** has been recorded but not transcribed before the filing of the petition for judicial review, the first petitioner, if required by the agency and unless otherwise ordered by the court or provided by law, shall pay the expense of transcription...." (Emphasis added.) Generally, and as applicable to this case, pursuant to subsection (c) of the Rule, the record must be transmitted to the clerk of court within 60 days after the agency receives the first petition for judicial review.

Rule 7–207, governing memoranda in actions for judicial review, provides as pertinent here:

Within 30 days after the clerk sends notice of the filing of the record, a petitioner shall file a memorandum setting forth a concise statement of the questions presented for

review, a statement of facts material to those questions, and argument on each question, including citations of authority and references to pages of the record and exhibits relied on.

Rule 7–208(a) provides that, unless waived in writing by the parties, "the court shall hold a hearing." The hearing is to be scheduled "upon the filing of the record pursuant to Rule 7–206," and, "[u]nless otherwise ordered by the court or required by law, the hearing shall be no earlier than 90 days from the date the record was filed." Rule 7–208(b).

McReady's contention that the circuit court erred in dismissing his actions for judicial review is comprised of the following arguments. First, based on Rule 7–206(a), the "record" in these actions for judicial review did not include transcripts of the hearings held before the ALJ on the motions to dismiss, as no "testimony" was taken; therefore, he was not required to pay for those transcripts and the OAH was required to transmit the record, as defined by Rule 7–206, to the circuit court without the transcripts. In the first two cases, the OAH failed to file the record by the 60–day deadline established by Rule 7–206(c). Its reason for doing so—that transcripts of the motions hearings were not ordered and obtained, and the transcripts were required to be part of the record—was erroneous. McReady maintains that the court should not have dismissed his actions for judicial review for failure to file the record because it was OAH's failure, not his.[6]

Second, McReady asserts that the circuit court erred in issuing a scheduling order, before the record was filed, that directed when he had to file his Rule 7–207 memorandum and setting a date for the Rule 7–208 hearing, because the record never was filed in the first two cases, and Rules 7–207 and 7–208 tie the dates for a memorandum to be filed and for a hearing to be held to the filing of the record.

---

**6.** In what McReady categorizes as a separate argument, but which is essentially the same as this argument, he maintains that, because no testimony was given during the proceedings in the OAH, no transcripts were required to be made a part of the agency record under Rule 7–206(a).

Third and fourth, McReady argues that the court erred in dismissing his actions for judicial review for failure to file a memorandum and for failure to appear at the hearing because the obligation to file a memorandum and the scheduling of a hearing are tied to the receipt by the court of the record, which in this case was the OAH record in each case. In the first and second cases, the OAH did not timely transmit any record; therefore, he was not obligated to file a memorandum and the court should not have scheduled a hearing. In addition, the court never ruled on his motion to vacate the scheduling order, which should have been granted, as the timetable for filing a Rule 7–207 memorandum and for the Rule 7–208 hearing was tied to receipt of the record, and the agency record had not been received in the first two cases. In addition, upon receipt of what the OAH referred to as a "partial record" in the third action for judicial review, the clerk's office issued amended notices (on January 26, 2009) stating that upon receipt of the entire records in the cases, notices in accordance with Maryland Rule 7–206(e), *i.e.*, the notice the clerk's office must send of the filing of the record, "will be mailed." [7] Thus, even though the OAH filed what it contended was a "partial record" in the third case, which it also referenced, retroactively, to the first two cases, in which the records already had not been timely filed, the notice from the clerk's office made clear that the record was not considered to have been received, and therefore the time for filing a Rule 7–207 memorandum and for scheduling a Rule 7–208 hearing had not been triggered.

The University responds as follows to McReady's arguments. First, it maintains that under the plain language of Rule 7–206(d), "[t]he action [for judicial review] shall be dismissed if the record has not been transmitted" within 60

---

7. McReady also includes an argument that the assigned judge did not properly supervise his secretary, under whose name the letter setting forth the scheduling order was sent, and improperly delegated judicial functions to her. There is nothing in this record to suggest that the judge's secretary took actions in this case without his knowledge and supervision, however.

days, and, although the agency is responsible for transmitting the record to the circuit court, to the extent that a transcript is part of the record, "it is incumbent upon [the petitioner] to initiate the process of obtaining a transcript." *Montgomery County v. Post*, 166 Md.App. 381, 388, 888 A.2d 1224 (2005) (quoting *Town of New Market v. Frederick County*, 71 Md. App. 514, 517, 526 A.2d 623 (1987)). Moreover, pursuant to Rule 7–206(a), as the "first petitioner" (and in this case the only petitioner), McReady was obligated to pay the expense of the transcript.

Second, the University points to COMAR 28.02.01.22, one of the regulations governing the conduct of hearings before the OAH, as requiring the OAH to prepare an official case record that includes, *inter alia*, "[t]he recording of the hearing, and any prehearing proceeding, and any transcript of the recording prepared by a court reporting service." .22B(9). The University reads this regulation to mean that the OAH record to be transmitted to the circuit court in an action for judicial review must include "a record of hearings during which legal arguments are made and procedural decisions are rendered, as well as hearings during which third-party witnesses testify." University's Br. 12. The University describes "For The Record, Inc." as the official court reporter in proceedings referred by the DBM to the OAH, and asserts that, under the regulation quoted above, a transcript of any recording by For The Record, Inc., of a prehearing proceeding before the ALJ in these matters had to prepared and included in the OAH record to be filed in the circuit court. Thus, the hearings at issue in these cases—which were prehearing proceedings, as they concerned legal issues about the timeliness of McReady's MWL complaint, but did not require testimony on factual issues—still were required to be transcribed and included in the OAH, *i.e.*, the final agency, record.[8]

---

8. The University also cites COMAR 17.02.03.07, which was cited by Dewberry, to require a stenographic record of "proceedings" in the OAH record. Although this DBM regulation would govern appeals to the OAH of the Secretary's decision in a MWL case, *see* SPP section 5–

The University goes on to argue that, at least once the OAH certified an incomplete record, on January 15, 2009, McReady should have timely filed his Rule 7–207 memoranda, or requested an extension of time in which to do so. Likewise, regardless of McReady's position on the issue of whether the record was required to include transcripts of the hearings on the dispositive motions before the OAH, the court had issued a notice of a hearing for February 27, 2009, which McReady had received, and his failure to appear at the hearing was at his own peril. The court had discretion to dismiss the actions for judicial review given McReady's intentional failure to appear at the hearing scheduled by the court.

The central issue, as we see it, is whether the "record" in these actions for judicial review, governed by Title 7, Chapter 200 of the Maryland Rules, had to include transcripts of the non-evidentiary hearings in which legal arguments were presented to the ALJ on the University's motions to dismiss McReady's MWL claims. If transcripts were required, it is clear from Rule 7–206(a) and the case law cited by the University that it was McReady's responsibility to order them, so they could be prepared and included in the record in a timely fashion (or, if it appeared that transcriptions could not be obtained within the 60–day time frame, to seek an extension of time). Ordering the transcripts only could be done by payment of money to For The Record, Inc., which McReady never did. McReady took and continues to take the position that the hearing transcripts were not required, because the hearings did not include "testimony," and therefore he had no obligation to obtain them (and pay the money that obtaining them would require). Essentially, according to McReady, the record was complete without the transcripts, and he should not have been punished by dismissal of his actions for judicial review because he refused to order transcripts that did not have to be included in the record to begin with. The University took and continues to take the opposite position—that

---

310(b)(1), this citation is unavailing for the same reasons as COMAR 28.02.01.22, as we shall explain.

hearing transcripts were required to be part of the record transmitted to the court under Rule 7–206, and, because McReady did nothing to obtain them, he thwarted completion and transmission of the record, and therefore dismissal of his actions for judicial review was proper.

The answer to the central question hinges on the meaning of Rule 7–206(a). That rule uses the word "testimony." It states that the agency record, here the OAH record (as it was the final agency decision maker), "shall include **the transcript of testimony** and all exhibits and other papers filed in the agency proceeding...." (Emphasis added.) In deciding the meaning of Maryland Rules, we apply the same principles of construction that we apply when interpreting statutes. *See Davis v. State,* 196 Md.App. 81, 97 (2010) (quoting *Johnson v. State,* 360 Md. 250, 264–65, 757 A.2d 796 (2000)). Statutory interpretation always begins with the plain meaning of the words used by the legislature (or here, the Court of Appeals). As the Court of Appeals repeated in *Knox v. State:*

> In our effort to discern the meaning of a rule, we look first to the words of the rule. When the words are clear and unambiguous, ordinarily we need not go any further. Only when the language of the rule is ambiguous is it necessary that we look elsewhere to ascertain legislative intent. We are also to give effect to the entire rule, neither adding, nor deleting, words in order to give it a meaning not otherwise evident by the words actually used. Finally, we seek to give the rule a reasonable interpretation, not one that is illogical or incompatible with common sense.

404 Md. 76, 85–86, 945 A.2d 638 (2008) (quoting *Brown & Williamson Tobacco Corp. v. Gress,* 378 Md. 667, 676, 838 A.2d 362 (2003)).

McReady asserts that the meaning of the word "testimony" is clear. He maintains that "testimony" means the oral evidence given by a witness in a trial or hearing. In the hearings before the OAH in these cases, there was no testimony. There was argument of counsel (including McReady's own argument) but, McReady asserts, such argument is not "testi-

mony." McReady further asserts that COMAR 28.02.01.22 does not and cannot broaden the meaning of "testimony" as used in Rule 7–206(a).

Taking the contrary position, the University asserts that McReady's reading of the word "testimony" in Rule 7–206(a) is unnecessarily narrow. It points out that, in his November 10, 2008 letter to McReady, Dewberry stated that the OAH interprets the word "testimony" to include arguments by counsel on motions, especially when the motions become the basis for the ALJ's decision in a given case. According to the University, this interpretation coincides with the language of COMAR, which it reads to require the OAH record to include transcripts of hearings before an ALJ, regardless of whether testimony was taken.

■ We agree with McReady that "testimony," as that word is used in Rule 7–206(a), cannot reasonably be read to mean arguments of counsel or proceedings on the record that do not constitute oral evidence given by witnesses. "Testimony" is not a confusing, ambiguous, or technical word. It is defined in BLACK'S LAW DICTIONARY as: "Evidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition." BLACK'S LAW DICTIONARY 1514 (8th ed.2004). "Testimony" is a word well-known by lay people. The relevant definition of testimony in the MERRIAM-WEBSTER DICTIONARY is: "2a: firsthand authentication of a fact: Evidence; b: an outward sign; c: a solemn declaration usu. made orally by a witness under oath in response to interrogation by a lawyer or authorized public official." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1291 (11th ed.2003). "Testimony" plainly means oral sworn evidence given by a witness, and cannot reasonably be read to mean arguments of counsel (or of unsworn *pro se* litigants).

This plain interpretation of the word "testimony" is bolstered by contrast to the description of the "record" in Title 8 of the Maryland Rules, which governs appeals to this Court and the Court of Appeals. Rule 8–413(a) states that the record on appeal "shall include (1) a certified copy of the

docket entries in the lower court, (2) the transcript required by Rule 8–411, and (3) all original papers filed in the action in the lower court except . . . those other items that the parties stipulate may be omitted." [9] The "transcript" must contain "(A) all the testimony or (B) that part of the testimony that the parties agree, by written stipulation filed with the clerk of the lower court, is necessary for the appeal or (C) that part of the testimony ordered by the Court pursuant to Rule 8–206(d) or directed by the lower court in an order," Rule 8–411(a)(1), and "a transcription of **any proceeding relevant to the appeal** that was recorded pursuant to Rule 16–404 e.," Rule 8–411(a)(2) (emphasis added). In addition, "if relevant to the appeal and in the absence of a written stipulation by all parties to the contents of the recording, a transcription of any audio or audiovisual recording or portion thereof offered or used at a hearing or trial," Rule 8–411(a)(3).

Rule 16–404 e. requires that court reporters in the circuit courts "shall record verbatim . . . [a]ll **proceedings held in open court, including opening statements, closing arguments, and hearings on motions, . . . in their entirety,** unless the court and the parties agree otherwise." (Emphasis added.) Thus, unlike the rules governing actions for judicial review of administrative proceedings, the rules governing the appeals taken from circuit court judgments clearly state that the record must include a transcript of a non-evidentiary hearing relevant to the appeal.

 We also agree that the description that appears in Rule 7–206(a) of what a "record" shall contain is controlling. The Maryland Rules "have the force of law until rescinded, changed or modified by the Court of Appeals or otherwise by law." Md. Const. art. IV, § 18(a); *see also Hudson v. Hous. Auth. of Balt. City,* 402 Md. 18, 30–32 n. 10, 935 A.2d 395 (2007). Procedural matters in actions for judicial review are governed solely by Title 7, chapter 200 of the Rules and SG

---

**9.** The parties may also opt to submit a statement of the case in lieu of the entire record, by agreement and with approval of the lower court. Rule 8–413(b).

section 10–222. *See* Rule 7–201(a) ("Applicability. The rules in this Chapter govern actions for judicial review of (1) an order or action of an administrative agency, where judicial review is authorized by statute....."). The University's reliance on COMAR 28.02.01.22 is therefore misplaced. Although COMAR 28.02.01.22(B)(9) provides that the "record" shall include "[t]he recording of the hearing, and any prehearing proceeding, and any transcript of the recording prepared by a court reporting service," this is not the relevant definition of "record." The terms of the statute authorizing the OAH to establish procedural regulations limit the application of those regulations to "all contested cases delegated to the [OAH] and conducted under [the APA]." SG § 10–206(a)(1); *see also* SG § 9–1607.2(a) ("Subject to subsection (b) of this section, regulations adopted in accordance with § 10–206(a)(1) of this article shall apply to a proceeding before the [OAH], regardless of whether the proceeding is subject to [the APA]."). For purposes of an action for judicial review of a final agency decision brought in a circuit court, the only relevant definition of "record" is the one that appears in Rule 7–206(a): "The record shall include the transcript of **testimony** and all exhibits and other papers filed in the agency proceeding, except those papers the parties agree or the court directs may be omitted by written stipulation or order included in the record." (Emphasis added.)

■ Moreover, the University misreads the significance of COMAR 28.02.01.22(B)(9). The "recording of the hearing, and any prehearing proceeding" does not mean a *transcript* of the recording. Hearings before ALJs often are recorded by use of tape-recorders; and even if a court reporter is used, the court reporter's product does not become a transcript unless the court reporter is asked to prepare a transcript. COMAR 28.02.01.22(B)(9) goes on to state, after saying that the *"recording* of the hearing, and any prehearing proceeding" (emphasis added) shall be included in the OAH record, that the record shall include "any transcript of the recording prepared by a court reporting service." The phrase "any transcript" supposes that there may not be a transcript. Thus, a proper

reading of COMAR 28.02.01.22(B)(9) does not *require* the OAH record to contain a transcript of the hearing or prehearing proceedings.

We return to Rule 7–206, which is the controlling rule in this case. There was no "testimony" taken in any hearing in this case. Accordingly, the record as required by Rule 7–206(a) consisted solely of "all exhibits and other papers filed in the agency proceeding," which included the ALJ's written decisions on the motions to dismiss. McReady had no obligation to order or pay for transcripts of hearings that did not include testimony, and his failure to do so should not have delayed the OAH's certification of the records in these cases to the circuit court. The OAH should have timely transmitted the records in the first two cases within the 60–day window, without requiring McReady to order and pay for hearing transcripts that did not contain testimony; and when it certified the records it transmitted to the circuit court on January 15, 2009, it should have certified them as "complete" records, not "partial" records. The transmitted records contained all exhibits and papers filed in the agency proceedings, and there was no testimony to be transcribed.

The filing of the record—not simply a part of the record— triggers the scheduling of the rest of the action for judicial review process. When the record is filed, the circuit court clerk notifies the parties "of the date that the record was filed." Rule 7–206(e). Each party then has 30 days from the date the record was filed to file his or her Rule 7–207 memorandum. Rule 7–207(a). A hearing on the merits of the action for judicial review should only be scheduled "[u]pon the filing of the record pursuant to Rule 7–206," and ordinarily shall take place "no earlier than 90 days from the date the record was filed." Rule 7–208(b).

Here, based upon the OAH's representation, the circuit court clerk certified, on January 26, 2009, that the "partial record" had been received, and stated that "[u]pon receipt of the entire record the 'Notice Sent In Accordance With Maryland Rule 7–206(e)' will be mailed." As noted, the circuit

court should have accepted the "partial" records from OAH as complete, as they included everything required by Rule 7–206(a). McReady had made his position known—that a complete record did not require transcripts of the hearings before the ALJ—to Dewberry and, more importantly, to the court, by virtue of his motion to revise the scheduling order. Moreover, the clerk's statement could not be interpreted as the official Rule 7–206(e) notice: it clearly said that notice in accordance with Rule 7–206(e) would follow at a later date.

As the deadline for filing the memorandum could not be set and the hearing could not be scheduled until after the clerk had sent the Rule 7–206(e) notice, McReady could not be expected to file a memorandum or appear for a hearing while still waiting for the official Rule 7–206(e) notice. The October 24, 2008, and November 20, 2008 letters from the chambers of the assigned judge setting forth a "timetable" for filing memoranda and giving notice of a February 27, 2009 hearing, and the December 3, 2008, December 4, 2008, and January 23, 2009 notices of the February 27, 2009 hearing from the circuit court's assignment commissioner did not comply with the Maryland Rules. No filing deadlines should have been set and no hearings should have been scheduled until the circuit court clerk gave notice that the record—not a partial record— had been filed pursuant to Rule 7–206(e). That never happened.

Accordingly, the circuit court should not have dismissed McReady's petitions for judicial review on the grounds that McReady had not ordered transcripts not required by Rule 7–206(a); that McReady had not filed a memorandum when the filing deadline for doing so had not been properly set in accordance with Rule 7–207; and that McReady failed to appear at a hearing that was not properly scheduled in accordance with Rule 7–208. We shall reverse the judgments on these bases. On remand, as the record filed on January 15, 2009, indeed was a complete record, within the meaning of Rule 7–206(a), a notice in accordance with Rule 7–206(e) should be promptly issued and a schedule for filing Rule 7–207

memoranda and for a Rule 7–208 hearing should be issued accordingly.

**JUDGMENTS OF THE CIRCUIT COURT FOR MONT- GOMERY COUNTY REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY THE APPEL- LEE.**