*Amy E. Brown v. Washington Suburban Sanitary Commission*, No. 2347, September Term, 2019. Opinion by Nazarian, J.

**JUDICIAL REVIEW OF ADMINISTRATIVE AGENCY DECISION – PROCEDURES FOR REVIEW – TRANSMISSION OF RECORD**

Maryland Rule 7-206 requires the agency to transmit, or cause the Office of Hearing and Appeals to transmit, the record to the circuit court for judicial review of its decision, whichever party petitioned for judicial review. The agency is the initial decisionmaker. The Office of Administrative Hearings is not an agency itself, but is a neutral arbitrator for administrative agency decisions.

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2347

September Term, 2019

ON MOTION FOR RECONSIDERATION
————————————————————————

AMY E. BROWN

v.

WASHINGTON SUBURBAN SANITARY
COMMISSION
————————————————————————

Kehoe,
Nazarian,
Reed,

JJ.
————————————————————————

Opinion by Nazarian, J.
————————————————————————

Filed: May 3, 2021

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Amy Brown worked for the Washington Suburban Sanitary Commission ("WSSC") until August 24, 2018, when WSSC terminated her employment. She challenged her termination within WSSC unsuccessfully, then appealed. The Office of Administrative Hearings ("OAH") held a hearing, and in a decision issued on April 16, 2019, upheld WSSC's decision to terminate her.

Ms. Brown filed a petition for judicial review in the Circuit Court for Prince George's County on May 15, 2019. WSSC moved to dismiss the petition on the grounds that the OAH hearing record had not been transmitted to the circuit court. The circuit court granted WSSC's motion to dismiss, and we reverse.

## I.     BACKGROUND

On August 24, 2018, WSSC recommended that Ms. Brown be removed from her job after she received two suspensions within a twelve-month period. WSSC issued a Final Decision and Order upholding the termination on September 10, 2018, and Ms. Brown appealed WSSC's final decision of termination. Pursuant to Maryland Code (2010, 2020 Repl. Vol.), § 18-123(b) of the Public Utilities Article, Ms. Brown appealed the termination decision to OAH, which assigned the case to an Administrative Law Judge.

On March 12, 2019, OAH conducted a hearing and on April 16 issued a decision affirming WSSC's decision to terminate Ms. Brown. Ms. Brown filed a timely petition for judicial review in the circuit court.

The circuit court received WSSC's response to Ms. Brown's petition for judicial review, then scheduled a hearing for November 15, 2019. On November 4, 2019, WSSC filed a motion to dismiss the petition on the ground that Ms. Brown had not complied with

Maryland Rule 7-206. The hearing went forward as scheduled, but the court heard WSSC's motion to dismiss and not the merits of Ms. Brown's petition, and after the hearing the court promptly dismissed the case. Ms. Brown filed separate motions to alter or amend and to revise the court's judgment and the court denied both. Ms. Brown filed a timely appeal, and we supply additional facts below as necessary.

## II. DISCUSSION

Ms. Brown challenges the circuit court's decisions to grant WSSC's motion to dismiss and to deny her motions to alter or amend and revise the judgment.[1] For the reasons we explain, we hold that the circuit court erred in dismissing the petition, and we don't need to address the post-judgment motions.

---

[1] Ms. Brown listed the Questions Presented in her brief as follows:

> 1. Did the circuit court err or abuse its discretion in dismissing Appellant's petition for judicial review for failure to submit the record of the agency proceeding?

> 2. Did the circuit court err or abuse its discretion in dismissing Appellant's petition for judicial review when the transcript of the agency proceeding was before the circuit court while it was considering post-trial motions filed by the Appellant?

WSSC phrased its Questions Presented like this:

> 1. Did the Circuit Court correctly dismiss Appellant's petition for judicial review, when, on the day that it had scheduled a hearing on the appeal, Appellant had yet to make any effort to ensure that the Office of Administrative Hears ("OAH") had transmitted the record?

> 2. Does the Appellant's attachment of exhibits to the motions filed after the Circuit Court dismissed her appeal, namely, the OAH's decision and a transcript of the proceeding, constitute substantial compliance with her obligation to secure transmission of the record?

2

The circuit court dismissed Ms. Brown's petition not for failure to state a claim, but for failure to comply with Rule 7-206. That decision involves the interpretation and application of Maryland statutes and rules. *See Schisler v. State*, 394 Md. 519, 535 (2006). We "must determine whether the trial court's conclusions are 'legally correct' under a *de novo* standard of review." *Id.*

The circuit court needs the administrative record in order to review the case, and failure to transmit it requires that the action be dismissed. Md. Rule 7-206(e). That's because the circuit court "'is limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law.'" *Bd. of Physician Quality Assurance v. Banks*, 354 Md. 59, 67–68 (1999) (*quoting United Parcel Service, Inc. v. People's Counsel for Balt. Cty.*, 336 Md. 569, 576 (1994)). There is no dispute here that the record underlying Ms. Brown's termination wasn't transmitted to the circuit court—the issue is who was responsible to transmit it and, therefore, on whom the failure falls.

## A.     The Agency Is Responsible To Transmit The Record.

A party seeking judicial review of an administrative agency's decision "shall file a petition for judicial review in [the appropriate] circuit court." Md. Rule 7-202(a). "Upon filing the petition [for judicial review], the petitioner shall deliver to the clerk a copy of the petition for the agency whose decision is sought to be reviewed. The clerk shall promptly mail a copy of the petition to the agency." Md. Rule 7-202(d)(1).

Upon receiving that notice, the responsibility of transmitting the record falls to the

agency (not the petitioner). The clerk of the circuit court shall receive the record within sixty days of the agency receiving the "first petition for judicial review":

> Except as otherwise provided by this Rule, the agency shall transmit to the clerk of the circuit court the original or a certified copy of the record of its proceedings within 60 days after the agency receives the first petition for judicial review.

Md. Rule 7-206(d). Yes, the record must include a transcript of any testimony, but it also includes all exhibits or other papers that were part of the administrative proceedings. Md. Rule 7-206(b). The Rule allows the agency to charge a petitioner with the cost of obtaining the transcript. *Id.* ("[T]he first petitioner, *if required by the agency*, . . . shall pay the expense of transcription . . . ," if it has not already been transcribed when judicial review is filed. (emphasis added)). And, if it does, the agency shall include the certification of costs within the record that it is required to transmit to the circuit court clerk:

> If the testimony has been recorded but not transcribed before the filing of the petition for judicial review, the first petitioner, if required by the agency and unless otherwise ordered by the court or provided by law, shall pay the expense of transcription, which shall be taxed as costs and may be apportioned as proved in Rule 2-603. A petitioner who pays the cost of transcription shall file with the agency a certification of costs, and the agency shall include the certification in the record.

Md. Rule 7-206(b).

Both parties in this case conflate the responsibility to transmit the record and the responsibility to order and pay for transcription of the OAH hearing transcript. Again, the record includes the transcript, exhibits, *and* any other papers, and it is the agency's responsibility to transmit it to the circuit court. *See* Md. Rules 7-202, 7-206. And although

4

the petitioner can be required to pay the cost of the transcript, which is part of the record, the petitioner is not responsible to transmit or pay for the record as a whole. *Id.*

All of this raises a threshold question: which entity is the agency? Both parties appear to assume that OAH is "the agency," based seemingly on the fact that by statute, OAH "shall dispose of a case or conduct a hearing and issue a final decision in . . . an appeal under § 18-123 of the Public Utilities Article for the removal of an employee of the Washington Suburban Sanitary Commission." Maryland Code (2015 Repl. Vol.), § 4-401(4) of the State Personnel and Pensions Article. Ms. Brown argues that the circuit court shouldn't have dismissed her petition because OAH never received notification of it (the notice went to WSSC), and thus was unable to transmit the record to the circuit court or notify Ms. Brown of transcription costs. WSSC argues that it was Ms. Brown's responsibility to secure not only the transcript but also the entire record from OAH. After receiving notification of the petition, WSSC responded that it intended to participate in Ms. Brown's petition for judicial review, but doesn't seem to have taken any steps to transmit the record to the circuit court.

So before going any further, it's important to clarify that *WSSC* is the agency that matters here, not OAH. WSSC employed Ms. Brown, paid her checks, suspended her, and made the decision to terminate Ms. Brown. Although that decision was upheld on appeal after a hearing OAH conducted, the agency action Ms. Brown petitioned the circuit court to review was WSSC's. OAH "conducts hearings for [] agencies," but its Administrative Law Judges are not employees of the agency, and OAH itself doesn't assume the role of the acting agency when it handles hearings on the agency's behalf, notwithstanding its role

5

to issue the final decision.[2]

WSSC's motion to dismiss relied solely on the contention that Ms. Brown's petition for judicial review should be dismissed because she did not have the record transmitted or the OAH hearing transcribed. This also was the sole topic of discussion at the November 15th hearing—that OAH would be considered the agency and not WSSC for purposes of Rule 7-206 and that Ms. Brown was responsible for the transcription of the hearing and not the agency. But although WSSC refers continually in its brief before this Court to Ms. Brown's obligation to ensure that OAH transmitted the record to the court,[3] it conceded in its motion to dismiss papers that it is the agency, that it received notice of Ms. Brown's petition for judicial review on May 20, 2019, and that the sixty-day timeline for filing the complete record started on May 20, 2019—the same day *it* received notice. That timing may have raised practical issues, but based on the language of the Maryland Rules and an

---

[2] *Appealing an Administrative Decision*, People's L. Libr. Md., https://www.peoples-law.org/appealing-administrative-decision [https://perma.cc/4BW8-BN54] (last visited Jan. 19, 2021); *see* Md. Code (1989, 2014 Repl. Vol), §§ 9-1605(b), 9-1606(c) of the State Government Article (emphasizing the independence of OAH from agency supervision or influence). *See also generally* Code of Regulations, 9.30.110, WSSC, https://wssc.district.codes/Code/9.30.110 [https://perma.cc/84A5-V8Q9]. "The OAH is bound by any regulation, declaratory ruling, prior adjudication, or other settled, preexisting policy, to the same extent as the WSSC is or would have been bound if WSSC were hearing the case or appeal. *Id.* An agency might delegate to OAH the task of making its final decision, *see McReady v. University System of Maryland*, 203 Md. App. 225, 239 (2012), but it remains the agency's final decision to delegate all along.

[3] *See, e.g.*, Brief of Appellee at 3 ("The opening sentence in Ms. Brown's argument portion of her brief reflects a theme played consistently throughout this matter. That theme is her contention that she bore no responsibility for ensuring that the OAH timely transmitted the record to the Circuit Court. That transmission is essential, as reviewing court cannot determine if the agency's decision below is supported by evidence in the record, if it does not have the record.") (footnote omitted).

appropriate view of OAH's role, the responsibility to transmit the record lay with WSSC, not Ms. Brown.

### B. WSSC Did Not Require Ms. Brown To Order The Transcript Or Transmit The Record.

In its motion to dismiss, and throughout the hearing transcript before the ALJ, WSSC contended that Ms. Brown was responsible for transmitting the record and transcript. But although, again, Rule 7-206(b) allows agencies to charge petitioners for the costs of the hearing transcript, neither the briefs nor anything we have found reveals where, when, or how WSSC imposed that requirement or informed Ms. Brown that she was responsible for obtaining the transcript. WSSC doesn't cite anything, and we haven't found it on our own. Neither the Maryland Code nor the Maryland Rules nor COMAR nor the WSSC Code of Regulations nor any other source reveals where WSSC either required Ms. Brown or notified Ms. Brown that she bore the responsibility to obtain the transcript or undertake any other administrative or logistical or financial responsibility for the transcript or the record. Nor did the opinion issued by OAH instruct either party about the record or transcript. The last paragraph of the ALJ's decision described Ms. Brown's Review Rights, but it only pointed Ms. Brown to the Maryland Rules and the State Government Article of the Maryland Code:

> A party aggrieved by this final decision may file a written petition for judicial review with the Circuit Court for Baltimore City, if any party resides in Baltimore City or has a principal place of business there, or with the circuit court for the county where any party resides or has a principal place of business. The petition must be filed within thirty (30) days of the date of this decision. Md. Code Ann., State Gov't § 10-222(c) (Supp. 2018); Md. Rules 7-201 through 7-210. A separate petition

may be filed with the court to waive filing fees and costs on the ground of indigence. Md. Rule 1-325. The Office of Administrative Hearings is not a party to any review process.

Rule 7-206(b) *allows* the agency to require the first petitioner to bear the cost of the transcript, but the agency has to require it ("If the testimony has been recorded but not transcribed before the filing of the petition for judicial review, the first petitioner, if required by the agency and unless ordered by the court or provided by law, shall pay the expense of transcription . . . ."), and we can't see where WSSC did that here. And although OAH is, by statute, the body entrusted to make the final agency decision and, as a result, possesses the record, WSSC isn't divested of its role as the deciding agency or absolved of its obligations under Rule 7-206(b).

There is no doubt that a petitioner can be required to pay for the transcript, and correspondingly to initiate the process of obtaining the transcript. *See Town of New Market v. Frederick*, 71 Md. App. 514, 517 (1987). But "the onus is on the agency to forward to the clerk a complete record, since a record without the testimony is meaningless." *Id.*; *cf. Montgomery County v. Post*, 166 Md. App. 381, 388 (2005) (citing the same proposition from *Town of New Market* but not including that the onus is on the agency to transmit the record). And because it is the agency's responsibility to transmit the record in its entirety, including the transcript, it also is the agency's responsibility to notify petitioners that the agency will require them, under Rule 7-206(b), to obtain and pay for transcripts in time for the agency to transmit the record to the circuit court, or to take whatever other steps are necessary to cause the record to be transmitted. And *Wormwood v. Batching Systems, Inc.*, 124 Md. App. 695 (1999), doesn't hold otherwise—in that case, the petitioner was able to

8

achieve substantial compliance after the court reporter sent a letter to appellant's counsel notifying them of the cost of transcription and the time necessary to perform it. Nothing like that happened here. WSSC could have required Ms. Brown to order and pay for the transcript, but the record before us doesn't reveal how or where, or any other basis on which to shift the agency's responsibility to Ms. Brown to transmit the record to the circuit court. Accordingly, the judgment of the circuit court dismissing this petition for failure to transmit the record is reversed.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS. APPELLEE TO PAY COSTS.**